ORIGINAL

WATSON, FARLEY & WILLIAMS (NEW YORK) LLP
Counsel for Plaintiff
100 Park Avenue, 31st Floor
New York, NY 10017
Tel: (212) 922-2200
Fax: (212) 922-1512

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV **07 CIV 6379**

---

CENTRAMET TRADING S.A.,

Plaintiff,

- against -

EGYPTIAN AMERICAN STEEL ROLLING
COMPANY,

Defendant,

---

**VERIFIED COMPLAINT**

RECEIVED
JUL 12 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff CENTRAMET TRADING S.A., ("Centramet") by and through its attorneys,

Watson, Farley & Williams (New York) LLP, as and for its Verified Complaint against

Defendant EGYPTIAN AMERICAN STEEL ROLLING COMPANY ("EASR"), alleges upon

information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure ("F.R.Civ.P.") Rule 9(h) and 28 U.S.C. § 1333.

2.    At all time relevant to this action, Plaintiff Centramet was, and still is, a foreign

corporation duly organized and operating under the laws of Switzerland, with a place of business

in Geneva, Switzerland.

3.    Pursuant to a voyage charter party between non-party Nautilus Denizcilik San.ve

Tic LTD.STI as owner and Plaintiff Centramet as voyage charterer, dated June 16, 2006, (the

"Voyage Charter"), Plaintiff Centramet chartered M/V MERVE A for a voyage from

Novorossiysk, Russia, to Alexandria, Egypt.

4.    The Voyage Charter provides for English Law and calls for arbitration in London,

1

England.

5.      Plaintiff Centramet transported approximately 9,274.897 metric tons of scrap

metal (the "Cargo") belonging to Defendant EASR aboard M/V MERVE A pursuant to three (3)

CONGENBILL negotiable bills of lading (the "Bills of Lading").

6.      The Bills of Lading incorporated the terms of the Voyage Charter.

7.      Defendant EASR purchased the Cargo from non-party GST Commodities Trading

Company ("GST") pursuant to a sales contract numbered GB001 (the "Sales Contract").

8.      The Sales Contract expressly provided that EASR was required to pay demurrage[1]

pursuant to the Voyage Charter.

9.      The Sales Contract provides for English Law and calls for arbitration in London,

England.

10.     To avoid any doubt, GST has also assigned its claim for demurrage, to the extent

it has one, to Plaintiff Centramet pursuant to an assignment dated April 28, 2007.

11.     On or about July 20, 2006, M/V MERVE A arrived at Novorossiysk, Russia, to

load the Cargo.

12.     On or about August 6, 2006, M/V MERVE A arrived at Alexandria, Egypt to

discharge the cargo pursuant to the Voyage Charter, Bills of Lading, and the Sales Contract.

13.     Due to the failure of Defendant EASR to produce an original bill of lading, M/V

MERVE A could not be immediately discharged and significant demurrage accrued.

14.     Due to the failure of Defendant EASR to properly arrange discharge, including

the availability of discharge personnel and equipment, the physical operation of discharging the

Cargo was delayed.

---

[1] Demurrage is the time used for loading or discharging cargo beyond the time provided for such operations in the charter (called "laytime").

19090252 v1

15.     In total, Defendant EASR is responsible for approximately 53 days of demurrage charges for M/V MERVE A, totaling $276,229.75.

16.     Defendant EASR is also responsible for a further $18,323.00 in charges related to the excessive period spent at Alexandria, Egypt, during discharge operations.

17.     Though demanded of Defendant EASR, no portion of the sum due under the Voyage Charter and Sales Contract has been paid.

18.     Plaintiff Centramet has or will commence London arbitration against Defendant EASR on this claim.

19.     Interest, costs and attorney's fees are routinely awarded to the prevailing party in London arbitration proceedings conducted under English law.  As best as can be estimated, Plaintiff Centramet expects to recover the following amounts in the London Arbitration:

|   |   |   |
|---|---|---|
| a. | Unpaid demurrage | $276,229.75 |
| b. | Local charges | $18,323.00 |
| c. | 3 years interest at 8.5% | $81,676.26 |
| d. | Arbitration costs | $40,000.00 |
| e. | Attorney's fees | $50,000.00 |
|   | Total | $466,229.01 |

20.     The Defendant cannot be found within this District within the meaning of F.R.Civ.P. Rule B of the Supplemental Rules for Admiralty and Maritime Claims but, upon information and belief, Defendant has or will have during the pendency of this action, ASSETS within this District and subject to the jurisdiction of this Court, held in the hands of garnishees, including but limited to ABN Amro, American Express Bank, Atlantic Bank of New York, Ban of America, BNP Paribas, Citibank, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA,

3

JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, and/or Wachovia Bank (the "Garnishees") which are believed to be sent by or owing to Defendant EASR.

21.     Plaintiff Centramet seeks an Order for this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to F.R.Civ.P. Rule B attaching any and all assets of Defendant up to the amount of $466,229.01 held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claim as described above.


WHEREFORE, Plaintiff Centramet prays:

a.     That process in due form of law issue against Defendant Centramet, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

b.     That, since Defendant cannot be found within the S.D.N.Y. pursuant to F.R.Civ.P. Rule B, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to F.R.Civ.P. Rule B attaching all property, tangible or intangible, in whatever form or any other funds held by any of the Garnishees, which are sent by or due and owning to Defendant in the amount of $466,229.01 to secure Plaintiff's claims, and that all persons claiming any interest in the same e cited to appear and, pursuant to F.R.Civ.P. Rule B and E, Answer the matters alleged in the Verified Complaint;

c.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

d.     That Plaintiff Centramet has such other, further and different relief as the Court may deem just and proper.

4

19090252 v1

Dated: New York, New York
         July 12, 2007

                    WATSON, FARLEY & WILLIAMS (NEW YORK) LLP

          By: _____

                    Alfred E. Yudes (AEY-4152)
                    Neil A. Quartaro (NAQ-9640)
                    100 Park Avenue, 31st Floor
                    New York, NY 10017
                    Tel: (212) 922-2200
                    Fax: (212) 922-1512

19090252 v1

STATE OF NEW YORK   )
                              ) ss:
COUNTY OF NEW YORK )

       NEIL A. QUARTARO, being duly sworn, deposes and says:

I am an attorney with the law firm of Watson, Farley & Williams (New York) LLP, counsel for

the Plaintiff CENTRAMET TRADING S.A., ("Centramet") herein and I have read the foregoing

Verified Complaint and know the contents thereof and that same are true to my own knowledge,

except to matters herein stated to alleged on information and belief, and as to those matters I

believe them to be true.

The source of my information is documents, records and other information submitted to me by,

or on behalf of, the Plaintiff.

This verification is made by me because Plaintiff is a foreign corporation.

                              Neil A. Quartaro

Sworn to before me
this day of 12 July 2007

Notary Public

ALEXANDRA SKLAVOUNAKIS
Notary Public, State of New York
No. 01SK5018961
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Oct. 12, 200_

6

19090252 v1