UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTRAMET TRADING S.A., :
:
                     Plaintiff, :
: 07 Civ. 6379 (RMB)
        -against- :
: **ORDER**
EGYPTIAN AMERICAN STEEL ROLLING :
COMPANY, :
:
                     Defendant. :
------------------------------------------------------------X

**I.**    **Background**

On or about July 12, 2007, Centramet Trading S.A. ("Plaintiff") filed a complaint ("Complaint") against Egyptian American Steel Rolling Company ("EASROC" or "Defendant"), alleging that Defendant's breach of a voyage charter agreement ("Voyage Charter"), dated June 16, 2006, led to demurrage and other damages totaling $446,229. (Complaint at 2-4.) On that same day, the Court ordered that process of maritime attachment be issued pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). (See Order dated July 12, 2007.)

On or about September 5, 2007, Defendant submitted a Motion to Vacate the Maritime Attachment ("Motion to Vacate") pursuant to Rule E of the Supplemental Rules ("Rule E"), arguing, among other things, that (1) "[t]he relevant underlying contract in this action . . . is not maritime in nature . . . and does not give rise to maritime [and federal] jurisdiction" and (2) "Centramet's entire application . . . is frivolous" and "riddled with . . . fatal flaws." (Def. Mem. at 8, 12.)

On or about September 18, 2007, Plaintiff opposed Defendant's Motion to Vacate, arguing, among other things, that (1) "demurrage is unquestionably a maritime issue" and (2)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9\28\2007

"the attachment is supported by the facts and the merits should be heard in [a pending London] arbitration." (Pl. Mem. at 13–14, 19.)

On September 27, 2007, the Court held a post-attachment hearing pursuant to Rule E. (See Hearing Transcript, Sept. 27, 2007.)

**For the reasons stated below, Defendant's Motion to Vacate is denied.**

## II.     Legal Standard

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained," and a maritime attachment "may be vacated only in certain limited circumstances." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 443-45 (2d Cir. 2006).

## III.    Analysis

### (1)     Jurisdiction

Defendant argues that "the only contract to which Defendant EASROC is a party" is a "sale and purchase contract" and "any alleged breach of that contract—even with respect to the payment of demurrage—does not give rise to maritime jurisdiction." (Def. Mem. at 12.) Plaintiff argues that "[w]hile [the agreement] provide[s] for the sale of . . . steel scrap . . . [it] has a significant maritime component . . . that . . . requires [Defendant] to pay demurrage 'per the Charter Party covering the respective voyage.'" (Pl. Mem. at 15.)

"Demurrage claims clearly fall within the court's admiralty jurisdiction." Orient Atl. Parco, Inc. v. Maersk Lines, 740 F. Supp. 1002, 1006 (S.D.N.Y. 1990). Plaintiff's claim that Defendant breached its obligation to pay demurrage, a "maritime obligation . . . severable from the non-maritime obligations of the contract," allows the Court to "exercise admiralty jurisdiction." Folksamerica Reins. Co. v. Clean Water of N.Y., 413 F.3d 307, 314 (2d Cir.

2005). The contract specifically "oblig[es] [Defendant] to compensate [Plaintiff] for demurrage owed to the vessel." See Aston Agro-Industrial AG v. Star Grain, No. 06 Civ. 2805, 2006 WL 3755156, at *4 (S.D.N.Y. Dec. 20, 2006).

**(2) Merits**

Defendant argues, among other things, that "given [a] veritable laundry list of knowingly false allegations made in the Verified Complaint, the Court . . . [should] vacate the attachment." (Def. Mem. at 17.) Plaintiff argues, among other things, that "[t]here is a reasonable factual basis for every allegation in the Verified Complaint." (Pl. Mem. at 19, 22.)

Plaintiff "has a valid prima facie admiralty claim against the [D]efendant." See Aqua Stoli, 460 F.3d at 445. Plaintiff does "need not [to] provide any supporting evidence" to oppose the Motion to Vacate, because "its [C]omplaint [will] suffice." See Tide Line, Inc. v. Eastrade Commodities, Inc., No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, at *16, 22 (S.D.N.Y. Aug. 15, 2006).

**IV. Conclusion and Order**

For the reasons stated herein, Defendant's Motion to Vacate is denied.

Dated: New York, New York
September 28, 2007

_RMB_
RICHARD M. BERMAN, U.S.D.J.